**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3231
_____

DEBORAH GROSS-QUATRONE,
  Appellant

v.

JUDGE BONNIE MIZDOL; DIANA MOSKAL;
LAURA SIMOLDONI; JOHN DOE 1-10; JANE DOE 1-10

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-17-cv-13111)
District Judge: Honorable Susan D. Wigenton

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
April 23, 2020

_____

Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Filed: April 27, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Deborah Gross-Quatrone appeals the District Court's order granting Defendants Bonnie Mizdol, Diana Moskal, and Laura Simoldoni's motion to dismiss. The District Court correctly dismissed Gross-Quatrone's First Amendment, civil conspiracy, 42 U.S.C. § 1983 conspiracy, and 42 U.S.C. § 1985 claims but erred in dismissing her claims under the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1, the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1, the Equal Protection Clause, and the Fourth Amendment. Therefore, we will affirm in part, vacate in part, and remand.

I[1]

Gross-Quatrone was a judge on the New Jersey Superior Court. Defendants are Superior Court officials. Between August and December 2015, Defendants accused Gross-Quatrone of numerous forms of misconduct, including making inappropriate statements to court employees, failing to update her motions list, using her secretary to perform personal tasks, and allowing her law clerk to commence her clerkship earlier than permitted. Throughout this time, Mizdol, the Assignment Judge, allegedly made disparaging remarks to Gross-Quatrone about her gender and appearance.

In December 2015, Gross-Quatrone attended a meeting with Defendants to discuss allegations relating to Gross-Quatrone's law clerk. Gross-Quatrone surreptitiously

---

[1] "We review the allegations of the complaint and all reasonable inferences drawn therefrom in the light most favorable to [Gross-Quatrone], the non-moving party." G.L. v. Ligonier Valley Sch. Dist. Auth., 802 F.3d 601, 605 n.3 (3d Cir. 2015).

2

recorded the meeting using an audio-recording device stowed in her purse. Midway through the meeting, Simoldoni reached into Gross-Quatrone's purse and removed the recording device. Simoldoni kept the device and made a copy of the recording.

A few days later, Mizdol filed a complaint against Gross-Quatrone with the New Jersey Supreme Court's Advisory Committee on Judicial Conduct ("ACJC"), accusing Gross-Quatrone of allowing her law clerk to begin work earlier than permitted. After an investigation and hearings into the law clerk issue and other allegations of misconduct, the ACJC recommended that Gross-Quatrone be suspended without pay for two months.

Gross-Quatrone brought claims in federal court against Defendants under 42 U.S.C. §§ 1983 and 1985, alleging violations of the Equal Protection Clause of the Fourteenth Amendment, as well as under the NJCRA and the NJLAD, on the ground that Defendants discriminated against her and subjected her to a hostile work environment on the basis of gender. She also alleged as part of her §§ 1983 and 1985 claims that Defendants violated the First and Fourth Amendments by seizing her audio-recording device and copying its contents. She asserts that Defendants committed these violations individually and as part of a conspiracy, contrary to § 1983 and New Jersey's common law.

Defendants moved to dismiss. The District Court granted the motion, holding that (1) Gross-Quatrone's claims were barred by collateral estoppel because they raised issues that the ACJC conclusively determined, and (2) even if not barred by collateral estoppel, Gross-Quatrone's First Amendment, Fourth Amendment, and civil conspiracy claims failed on their merits. Gross-Quatrone appeals.

II[2]

Defendants argue that the District Court correctly dismissed Gross-Quatrone's claims based on collateral estoppel, otherwise known as issue preclusion. We disagree.[3]

Collateral estoppel bars relitigation of an issue where:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Del. River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 n.10 (3d Cir. 2002) (quoting Bd. of Trs. of Trucking Employees of N. Jersey Welfare Fund, Inc. v. Centra, 983 F.2d 495, 505 (3d Cir. 1992)).[4] We assume, without deciding that decisions of the ACJS, like those of the state court, can have an issue preclusive effect.

Although Gross-Quatrone argued to the ACJC that she had been the victim of a hostile work environment, the ACJC made no finding on this matter. To the contrary, the ACJC avoided deciding the issue: it ruled that, regardless of whether Gross-Quatrone had suffered "hostile treatment" in the workplace, the allegedly hostile environment did not "justify or mitigate" the misconduct with which she was charged, because she "had available to her several options" to redress the hostile environment other than the alleged

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

[3] We review de novo the District Court's application of collateral estoppel. Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 265 (3d Cir. 2008).

[4] The elements for issue preclusion under federal common law and New Jersey law "are almost identical." Del. River Port Auth., 290 F.3d at 573 n.10.

4

misconduct. App. 116. Accordingly, the ACJC's decision did not preclude Gross-Quatrone's Equal Protection, NJCRA, NJLAD, and hostile work environment claims.

The ACJC also made no findings as to Gross-Quatrone's First and Fourth Amendment claims. Those claims arise out of Simoldoni's seizure of Gross-Quatrone's audio-recording device and copying of the recording. Although facts relating to the audio-recording incident were discussed in the ACJC's decision, the ACJC made no conclusion about whether Simoldoni's actions violated the First or Fourth Amendments. Accordingly, the ACJC's ruling did not bar these claims.[5]

### III

Although collateral estoppel does not bar Gross-Quatrone's First Amendment claim, the claim nonetheless fails. For a public employee like Gross-Quatrone to establish a First Amendment claim, she must show, among other things, that the speech at issue "is protected by the First Amendment." Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 466 (3d Cir. 2015), as amended (Oct. 25, 2019) (quoting Dougherty v. Sch. Dist. of Phila., 772 F.3d 979, 986 (3d Cir. 2014)). To prove that her speech is protected, she must demonstrate, among other things, that the speech "involve[d] a matter of public concern." Id. "A public employee's speech involves a matter of public concern if it can 'be fairly considered as relating to any matter of political, social or other concern to the

---

[5] Although the ACJC's conclusions of law do not preclude Gross-Quatrone's claims, we leave to the District Court on remand to decide whether any of the ACJC's findings of fact are entitled to preclusive effect in Gross-Quatrone's litigation. See, e.g., Rekhi v. Wildwood Indus., Inc., 61 F.3d 1313, 1317 (7th Cir. 1995) (observing that issue preclusion can apply to issues of law and issues of fact).

community.'" Baldassare v. New Jersey, 250 F.3d 188, 195 (3d Cir. 2001) (quoting Green v. Phila. Hous. Auth., 105 F.3d 882, 886 (3d Cir. 1997)).

The speech here occurred during a meeting to discuss Gross-Quatrone's alleged workplace misconduct. Gross-Quatrone recorded the meeting and argues that Defendants' act of "listening to and copying" the contents of her audio recorder violated her First Amendment rights. Appellant's Br. at 40. Even assuming such an act implicates the First Amendment, the subject of the recording did not involve any matter of public concern. Instead, it involved a matter relating to a private employment dispute. See De Ritis v. McGarrigle, 861 F.3d 444, 455 (3d Cir. 2017) ("[S]peech addresses a matter of public concern if it discusses fundamental problems reaching beyond the employee's day-to-day minutiae . . . ." (internal quotation marks omitted)); Munroe, 805 F.3d at 467 ("[S]peech that relates solely to mundane employment grievances does not implicate a matter of public concern."). Because the speech did not involve a matter of public concern, the District Court correctly dismissed Gross-Quatrone's First Amendment claim.[6]

---

[6] Gross-Quatrone argues that case law requiring that an employee's speech relate to her capacity as a citizen and to a matter of public concern is inapposite because it arises out of First Amendment retaliation claims. In Gross-Quatrone's view, "this is not [her] claim." Reply Br. at 7. Gross-Quatrone relies only on two cases for this argument, Thompson v. City of Clio, 765 F. Supp. 1066, 1070 (M.D. Ala. 1991), and Tichinin v. City of Morgan Hill, 99 Cal. Rptr. 3d 661, 675-76 (Cal. Ct. App. 2009). Both are inapposite. In Thompson, the court held that a prohibition on the plaintiff using a tape recorder at public meetings was unlawful viewpoint discrimination because it was imposed based on the effect that the recordings were having on local residents. 765 F. Supp. at 1070, 1072. Gross-Quatrone, however, has not alleged this sort of First Amendment claim. In Tichinin, the court held that prelitigation conduct related to potential litigation was protected under the Petition Clause of the First Amendment. See

IV

Gross-Quatrone also argues that Simoldoni violated the Fourth Amendment when she reached into Gross-Quatrone's purse and seized the audio recorder. The District Court dismissed the claim based on collateral estoppel but held, in the alternative, that the claim failed on its merits because Gross-Quatrone had no reasonable expectation of privacy in the contents of the purse, given that the audio-recorder was in "plain view." App. 9 n.6. The pleadings do not currently support this outcome.

The District Court's ruling that the audio recorder was in "plain view" was based on Simoldoni's testimony before the ACJC that she observed a "'red light beaming' from the top of [Gross-Quatrone's] purse" during the December 2015 meeting. App. 9 (quoting App. 193). As Gross-Quatrone points out, however, the ACJC testimony is not part of the pleadings in this case, but, rather, was submitted to the District Court as part of Defendants' motion to dismiss. Moreover, the ACJC record is not "integral to or explicitly relied upon" in Gross-Quatrone's complaint. Appellee's Br. at 10 n.2 (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted)). The complaint mentions the ACJC proceeding only three times and only in the context of an allegedly "false report" that Mizdol made to the ACJC. App. 74 ¶ 34; see also App. 75 ¶ 35, 37. The majority of Gross-Quatrone's allegations, by contrast, relate to events that occurred before the ACJC proceeding took place. Additionally, although the ACJC testimony is a matter of "public record," App. 2 n.2, a court deciding a motion

---

99 Cal. Rptr. 3d at 676-77. Gross-Quatrone, however, has not argued that her claim arises out of the Petition Clause.

7

to dismiss may take notice only of the existence of such testimony, not the truth of the factual assertions made therein.  Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) ("[A] court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment." (internal quotation marks and citation omitted)).  Accordingly, the ACJC testimony is outside of the pleadings and cannot serve as a basis to dismiss Gross-Quatrone's Fourth Amendment claim at this stage of the proceedings.[7]

V

Finally, we examine Gross-Quatrone's common-law civil conspiracy claim.  The District Court dismissed this claim because the complaint "set[] out only the most general and conclusory statements" and recited no "factual support."  App. 9.  We agree.

"There are four elements to the tort of civil conspiracy: (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages."  Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003).  Here, Gross-Quatrone alleges no facts showing a combination, agreement, or confederation among the Defendants and only sets forth the conclusory assertions that the District Court noted.

---

[7] We make this ruling without prejudice to Defendants' raising the same argument in a motion for summary judgment.  As with any § 1983 claim based upon a search that a plaintiff asserts violates the Fourth Amendment, a plaintiff must show that the defendant who conducted the search was acting under the color of state law and that the plaintiff had a reasonable expectation of privacy in the place being searched.

8

Furthermore, the assertions that Mizdol and Simoldoni were both present during two meetings about Gross-Quatrone's conduct, that Simoldoni told Gross-Quatrone that Mizdol wanted to see her on another occasion, that Simoldoni wrote Mizdol a memo stating that Gross-Quatrone's law clerk had complained of a "hostile working environment," App. 73 ¶ 31, do not evince concerted action. At the pleading stage, "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)). Because "mere labels and conclusions" are not sufficient to state this civil conspiracy claim, id. at 184, the District Court correctly dismissed it.

Gross-Quatrone asserted two other conspiracy-based claims: one under 42 U.S.C. § 1983 and another under § 1985. Both fail for the same reason. These claims also require Gross-Quatrone to allege the existence of a conspiracy. See Jutrowski v. Township of Riverdale, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (setting forth the elements of § 1983 conspiracy and § 1985 conspiracy, and noting that the elements of conspiracy under New Jersey law "are essentially the same"). Because Gross-Quatrone's complaint lacks factual allegations showing an agreement to violate her civil rights, her § 1983 conspiracy and § 1985 claims were properly dismissed.[8]

---

[8] The District Court dismissed these claims based on collateral estoppel, but we may affirm the dismissal on any ground supported by the record. See TD Bank N.A. v. Hill, 928 F.3d 259, 276 n.9 (3d Cir. 2019).

9

VI

For the foregoing reasons, we will affirm the dismissal of Gross-Quatrone's First Amendment, civil conspiracy, § 1983 conspiracy, and § 1985 conspiracy claims; vacate the dismissal of her NJCRA and NJLAD claims as well as her Fourth Amendment and Equal Protection claims against the Defendants individually under § 1983; and remand for further proceedings.