# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



Christine P. O'Hearn, Esq.
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
cohearn@brownconnery.com

October 13, 2020

**<u>Via ECF Only</u>**
Honorable Leda Dunn Wettre, U.S.M.J
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

　　　　Re:　**<u>Deborah Gross-Quatrone v. Bonnie Mizdol, et al.</u>**
　　　　　　**Docket No.: 2:17-cv-13111-SDW-LDW**

Dear Judge Wettre:

　　　We represent the Defendants, Judge Bonnie Mizdol, Laura Simoldoni and Diana Moskal in the above matter. We write to the Court to seek assistance in resolving a discovery dispute that we have unfortunately been unable to resolve with Plaintiff's counsel. We respectfully request that Your Honor schedule a conference call.

## FACTUAL BACKGROUND AS TO DISCOVERY DISPUTE

　　　This matter was remanded by the Third Circuit Court of Appeals on May 19, 2020. On May 21, 2020, in anticipation of commencing discovery relatively soon thereafter, we issued a Deposition Notice for Plaintiff for July 1, 2020. <u>See</u> Exhibit A.  On May 27, 2020, Plaintiff's counsel sent a letter asserting that the Deposition Notice violated Rule 26(F).  <u>See</u> Exhibit B, 5/27/20 Letter of R. Ferrara.

　　　Due to a number of delays in this matter, including Plaintiff's request for time until late June 2020 to determine whether an Amended Complaint filed, the filing of the Answer was delayed as was the initial conference. Thus, Plaintiff's deposition did not take place as initially noticed. The initial conference took place on September 11, 2020.

　　　On September 11, 2020, Defendants served Interrogatories and Requests for Production of Documents to Plaintiff. <u>See</u> Exhibit C, (cover letter only).  Those responses are thus due on or before October 13, 2020.

7AY8871

## Brown & Connery, llp

October 13, 2020
Page 2

On September 14, 2020, Plaintiff served Notices of Deposition for each of the three Defendants as well as Judge Glenn A. Grant, J.A.D., Acting Director for the Administrative Office of the Courts, for November 4, 2020 and November 5, 2020. See Exhibit D. On the same date, I emailed Plaintiff's counsel, reminding him we had previously issued a Notice of Deposition for Plaintiff, and requested he provide dates upon which Plaintiff was available in November, after her discovery responses were served, and also permitting time for Defendants to issue any third party subpoenas to medical providers to obtain such information prior to Plaintiff's deposition. See Exhibit E, 9/14/20 Email of C. O'Hearn.

On September 14, 2020, we wrote to Plaintiff's counsel requesting citation to any Rule that supports his position that our previously served deposition notice was invalid. See Exhibit F, 9/14/20 Email of C. O'Hearn.

On September 17, 2020, Plaintiff's counsel responded that he would not agree to take the Plaintiff's deposition first and that Defendant would need to seek intervention from this Court. See Exhibit G, 9/17/20 Letter of R. Ferrara.

On September 30, 2020, Plaintiff served Interrogatories and Document Requests to Defendants. See Exhibit H, 9/30/20 Email of K. Kotch. Responses are due on or before October 30, 2020.

On September 30, 2020, in a final attempt to resolve this matter, we sent a letter to Plaintiff's counsel, setting forth the reasons why the Defendants are not available on the dates noticed, that Plaintiff should be deposed first, and further proposing a reasonable deposition schedule. See Exhibit I. Specifically,

- Defendants were not available on the dates noticed;
- Judge Grant was not available on the date noticed;
- Defendants are entitled to known the allegations against them prior to being deposed;
- Defendants would need to review Plaintiff's discovery responses and issue any third party subpoenas for Plaintiff's medical records and review them prior to her deposition;
- We had served a notice of deposition for Plaintiff previously that did not go forward due to delays;
- While admittedly no Fed. R. Civ. P. dictates the practice, customarily a Plaintiff is deposed first;
- Written discovery should be completed prior to depositions.

We further provided a specific proposed discovery schedule. Id.

On October 5, 2020, Plaintiff's counsel responded rejecting Defendant's proposal. See Exhibit J.

BROWN & CONNERY, LLP

October 13, 2020
Page 3

**THE COURT SHOULD AMEND THE SCHEDULING ORDER TO PROVIDE FOR THE COMPLETION OF WRITTEN DISCOVERY FIRST AND THEN DEPOSITIONS BEGINNING WITH PLAINTIFF'S DEPOSITION**

The current Scheduling Order provides that depositions shall be completed by February 1, 2021. Defendants respectfully request the Court enter an Amended Scheduling Order providing that written discovery should be completed first, and Plaintiff shall be deposed first.

First, there is nothing invalid about the Deposition Notice previously served for  Plaintiff. We anticipated we would have had the initial conference by that date (more than 6 weeks after the remand of the matter) and discovery would have been underway. We did not seek to engage in discovery prior to the initial conference.

Second, Defendants should be entitled to know the allegations against them as detailed in Plaintiff's discovery responses and any documents that may be produced and have a reasonable time period to review them prior to their depositions.

Third, it is customary that written discovery be completed first and that the Plaintiff be deposed first.

Fourth, it is not the usual case that witnesses include a Judge of the Appellate Division and Acting Director of the Administrative Office of the Courts and an Assignment Judge. Both of whom have a full schedule of court obligations. In contrast, Plaintiff has not worked since mid-2018. Plaintiff's unwillingness to accommodate the schedules of these judges in any way is a lack of common courtesy routinely afforded to any witness.

Finally, we also sought to resolve any issues with Plaintiff's counsel regarding the scope of Judge Grant's deposition prior to the deposition, cognizant of the Court's Order as to the limitations on instructions not to answer. Specifically, in my September 30, 2020 letter (Exhibit I) we sought an agreement as to the relevant topics of Judge Grant's deposition for purposes of this litigation, and to ensure that Plaintiff's counsel did not attempt to use this deposition as a vehicle by which to obtain discovery related to the second filed lawsuit in which a Motion to Dismiss is presently pending. Plaintiff refused to engage in any discussions in this regard. It would be unfair and prejudicial to allow Plaintiff to use this case to question Judge Grant as to issues and matters related to the second suit. This suit involves matters that occurred in the limited time period from July 2015 until December / early January 2016, with the exception of the subsequent hearings of the Advisory Committee on Judiciary Conduct ("ACJC") in 2018. Plaintiff should not be able to engage in discovery on all the other events that took place over the next four (4) years, of which there are many, related to the second lawsuit. By contrast, to the extent Plaintiff is seeking damages beyond the date she was transferred to Essex County, which is presently unknown as we do not have discovery responses, some of those events may be relevant to Plaintiff's damages claims only.

## BROWN & CONNERY, LLP

October 13, 2020
Page 4

       For all these reasons, we respectfully request the Court to amend the current Scheduling Order as follows:

     (1)  Written discovery shall be completed by November 15, 2020;
     (2)  Depositions shall be completed thereafter and completed by February 1, 2020;
     (3)  Plaintiff shall be deposed first;
     (4)  The scope of Judge Grant's deposition shall be limited to the allegations in this lawsuit.

       We regret having to involve the Court in such routine discovery matters.

                    Respectfully submitted,
                    **BROWN & CONNERY, LLP**

                    *s/ Christine P. O'Hearn*
                    Christine P. O'Hearn

CPO/jle

# EXHIBIT A

# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Christine P. O'Hearn, Esq.
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
cohearn@brownconnery.com



May 21, 2020

**VIA EMAIL ONLY**
Ralph P. Ferrara, Esquire
**FERRARA LAW GROUP, P.C.**
50 West State Street, Suite 1100
Trenton, New Jersey 08608

> **Re: Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
> **Civil Action No.: 2:17-cv-13111-SDW-LDW**

Dear Mr. Ferrara:

Enclosed please find a Notice of Deposition scheduling the deposition of Plaintiff, Deborah Gross-Quatrone at your office on Wednesday, July 1, 2020 at 10:00 a.m. Should you have a scheduling conflict on this date, we request that you advise us, as soon as possible, and provide some additional dates, that may work.

Very truly yours,

**BROWN & CONNERY, LLP**

*s/ Christine P. O'Hearn*
Christine P. O'Hearn

CPO/ctm
Encl.

79K7692

**BROWN & CONNERY, LLP**
Christine P. O'Hearn, Esquire
Kathleen E. Dohn, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants, Bonnie J. Mizdol, Laura Simoldoni and Diana Moskal*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH GROSS-QUATRONE,<br><br>        Plaintiff,<br><br>    vs.<br><br>BONNIE MIZDOL, DIANA MOSKAL,<br>LAURA SIMOLDONI, and JOHN  and<br>JANE DOE 1-10,<br><br>        Defendants. | Civil Action No. 2:17-cv-13111-SDW-LDW<br><br><br>**NOTICE OF<br>DEPOSITION OF PLAINTIFF,<br>DEBORAH GROSS-QUATRONE** |

TO:    Ralph P. Ferrara, Esquire
       **FERRARA LAW GROUP, P.C.**
       50 West State Street, Suite 1100
       Trenton, New Jersey 08608
       *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE** that in accordance with Fed. R. Civ. P. 30(b)(1), counsel for

Defendants, Bonnie J. Mizdol, Laura Simoldoni and Diana Moskal will take the deposition of,

upon oral examination, before a person authorized to administer oaths in the State of New Jersey,

Deborah Gross-Quatrone, who shall be deposed at the law offices of FERRARA LAW GROUP,

P.C., 50 West State Street, Suite 1100, Trenton, New Jersey 08608, on Wednesday, July 1, 2020

at 10:00 a.m.

79K7585

**PLEASE TAKE FURTHER NOTICE** that the deposition may be videotaped in addition to being recorded stenographically.

**PLEASE TAKE FURTHER NOTICE** that the deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable statutes or rules of court, with respect to all matters relevant to the subject matter involved in this action.

**PLEASE TAKE FURTHER NOTICE** that the deposition will continue from day to day until completed.  You are invited to attend and cross-examine.

<div style="margin-left:40%">

**BROWN & CONNERY, LLP**
*Attorneys for Defendants*

</div>

Dated:  May 21, 2020

<div style="margin-left:40%">

*s / Christine P. O'Hearn*

Christine P. O'Hearn
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
(856) 858-4967 (Fax)
cohearn@brownconnery.com

</div>

79K7585

# EXHIBIT B

# Ferrara Law Group, P.C.



May 27, 2020

<u>**VIA EMAIL**</u>

Christine P. O'Hearn, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ  08108

> RE:   **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
>       **US District Ct of NJ, No. 2:17-cv-13111-MCA-LDW**

Dear Christine:

We are in receipt of your deposition notice dated May 21, 2020 unilaterally scheduling the deposition of Judge Deborah Gross-Quatrone for July 1, 2020.

If you will note from the Proposed Form of Order we submitted at the direction of the Court, we are requesting a Scheduling Conference.  The purpose of that conference is not only to set the parameters of discovery but also to list the dates for the necessary preliminary items such as Rule 26 Disclosures.  The rules specifically provide that the parties not engage in discovery until after the initial Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).  Therefore, your deposition notice violates Rule 26(f).

Above all, we will be filing an amended complaint adding both additional claims and additional defendants.

Thank you for your attention.

Very truly yours,

**FERRARA LAW GROUP, P.C.**

RALPH P. FERRARA

RPF/lrp

---

One State Street Square • 50 W. State St., Suite 1100 • Trenton, NJ 08608 • Tel: (609) 571-3738 • Fax: (609) 498-7440

New Jersey ◆ Philadelphia

117 Forrest Avenue, Suite 215 • Narbeth, PA, 19072 • *please direct all mail to our New Jersey office
www.ferraralawgp.com

# EXHIBIT C

# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



Christine P. O'Hearn, Esq.
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
cohearn@brownconnery.com

September 11, 2020

**Via Electronic Mail**
Ralph P. Ferrara
Ferrara Law Group, P.C.
One State Street Square
50 W. State Street, Suite 1100
Trenton, NJ 08608

       Re:   **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
           **Docket No.: 2:17-cv-13111-SDW-LDW**

Dear Mr. Ferrara:

We represent the Defendants, Bonnie Mizdol, Laura Simoldini and Diana Moskal in the above matter. Enclosed please find the following:

1. Defendant Bonnie Mizdol's First Set of Interrogatories to Plaintiff;
2. Defendant Laura Simoldini's First Set of Interrogatories to Plaintiff;
3. Defendant Diana Moskal's First Set of Interrogatories to Plaintiff; and
4. Defendants' First Set of Requests for Production of Documents.

Please ensure responses within the time prescribed by the Federal Rules of Civil Procedure. Thank you.

Very truly yours,
**BROWN & CONNERY, LLP**

*s/ Christine P. O'Hearn*

Christine P. O'Hearn

CPO/hem
Enclosures

7AN1078

# EXHIBIT D

Jennifer Evans

| | |
|---|---|
| **From:** | Ralph  Ferrara <Ralph@Ferraralawgp.com> |
| **Sent:** | Monday, September 14, 2020 11:18 AM |
| **To:** | Christine O'Hearn |
| **Cc:** | Kathleen Dohn |
| **Subject:** | FW: Dep notices Gross Quatrone v. Mizdol et al. |
| **Attachments:** | NOTICE OF DEPS BONNIE MIZDOL.pdf; NOTICE OF DEPS DIANA MOSKAL.pdf; NOTICE OF DEPS LAURA SIMOLDONI.pdf |

---

**This is an EXTERNAL email. STOP. THINK. DON'T click links or open files unless you know the sender.**

Please find deposition notices with respect to this matter.

Thanks

---

**From:** Dani Quaranta <Dani@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 11:17 AM
**To:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Subject:** Dep notices Gross Quatrone v. Mizdol et al.

*Danielle Quaranta, Paralegal*

**Ferrara Law Group, P.C.**

One State Street Square

50 W. State Street, Suite 1100

Trenton, NJ 08608

609.571.3738 (Tel)

609.498.7440 (Fax)



AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

|  |  |
|---|---|
| Deborah Gross-Quatrone | ) |
| *Plaintiff* | ) |
| v. | ) |
| Bonnie Mizdol, Diana Moskal, Laura Simoldoni and John and Jane Does 1-10 | ) Civil Action No.   2:17-cv-13111-SDW-LDW |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Judge Glenn A. Grant c/o Adminstrative Office of the Courts, Richard J. Huhges Justice Complex,
Trenton, NJ 08625

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a
deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors,
or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or
those set forth in an attachment:

| Place: Ferrara Law Group, PC, 50 West State Street, Suite 1100, Trenton, NJ 08608 | Date and Time:  11/02/2020 10:00 am |
|---|---|

| The deposition will be recorded by this method:   Stenographic and may be recorded by audiovisual means |
|---|

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the
material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:  09/11/2020

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR |  |
| _____ |  | _____ |
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Deborah Gross-Quatrone
_____ , who issues or requests this subpoena, are:
Ralph P. Ferrara, Esquire, Ferrara Law Group, PC, 50 West States Street, Suite 1100, Trenton, NJ 08608
ralph@ferraralawgp.com (609) 571-3738

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:17-cv-13111-SDW-LDW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire
Kevin J. Kotch, Esquire
50 W. State St., Suite 1100
Trenton, New Jersey 08608
(609) 571-3738
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEBORAH GROSS-QUATRONE | : | |
| Plaintiff, | : | Civ. A. No. **2:17-cv-13111-SDW-LDW** |
| | : | |
| v. | : | **NOTICE OF DEPOSITION OF** |
| | : | **DEFENDANT BONNIE MIZDOL** |
| BONNIE MIZDOL, DIANA MOSKAL, | : | |
| LAURA SIMOLDONI, and JOHN and | : | |
| JANE DOE 1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Deborah Gross-Quatrone will take the deposition of the Honorable Bonnie Mizdol on November 4, 2020 at 10:00 a.m. at the Law Offices of Ferrara Law Group, P.C., 50 West State Street, Suite 1100, Trenton, New Jersey 08608. If the deposition is not completed on November 4, 2020, it will be continued from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to record the deposition testimony by videotape and

instant visual display. Plaintiffs reserve the right to use the videotape deposition at the time of trial.

Dated: September 11, 2020

<div align="center">

**FERRARA LAW GROUP**
*Attorneys for Plaintiff*

</div>

By:   *Ralph P. Ferrara /s/*
      RALPH P. FERRARA, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2020, I caused a true and correct copy of the foregoing Notice of Deposition to be served on counsel for Defendants via email, addressed as follows:

Christine P. O'Hearn, Esquire
Brown & Connery, LLP
360 Haddon Avenue
Westmont, New Jersey 08108
cbohearn@brownconnery.com

FERRARA LAW GROUP, P.C.

BY:_____
RALPH P. FERRARA, ESQUIRE

**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire
Kevin J. Kotch, Esquire
50 W. State St., Suite 1100
Trenton, New Jersey 08608
(609) 571-3738
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEBORAH GROSS-QUATRONE | : |
| Plaintiff, | : Civ. A. No. **2:17-cv-13111-SDW-LDW** |
| v. | : |
| | : **NOTICE OF DEPOSITION OF** |
| BONNIE MIZDOL, DIANA MOSKAL, LAURA SIMOLDONI, and JOHN and JANE DOE 1-10, | : **DEFENDANT LAURA SIMOLDONI** |
| Defendants. | : |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Deborah Gross-Quatrone will take the deposition of the Laura Simoldoni on November 5, 2020 at 1:00 p.m. at the Law Offices of Ferrara Law Group, P.C., 50 West State Street, Suite 1100, Trenton, New Jersey 08608. If the deposition is not completed on November 5, 2020, it will be continued from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to record the deposition testimony by videotape and instant visual display. Plaintiffs reserve the right to use the videotape deposition at the time of trial.

Dated: September 11, 2020

<div style="margin-left: 40%;">

**FERRARA LAW GROUP**
*Attorneys for Plaintiff*


By:   *Ralph P. Ferrara /s/*
       RALPH P. FERRARA, ESQUIRE

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2020, I caused a true and correct copy of the foregoing Notice of Deposition to be served on counsel for Defendants via email, addressed as follows:

> Christine P. O'Hearn, Esquire
> Brown & Connery, LLP
> 360 Haddon Avenue
> Westmont, New Jersey 08108
> cbohearn@brownconnery.com

**FERRARA LAW GROUP, P.C.**

BY: _____
    RALPH P. FERRARA, ESQUIRE

**FERRARA LAW GROUP, P.C.**
Ralph P. Ferrara, Esquire
Kevin J. Kotch, Esquire
50 W. State St., Suite 1100
Trenton, New Jersey 08608
(609) 571-3738
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEBORAH GROSS-QUATRONE | : |
| Plaintiff, | : Civ. A. No. **2:17-cv-13111-SDW-LDW** |
| v. | : |
| BONNIE MIZDOL, DIANA MOSKAL, LAURA SIMOLDONI, and JOHN and JANE DOE 1-10, | : **NOTICE OF DEPOSITION OF DEFENDANT DIANA MOSKAL** |
| Defendants. | : |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiff Deborah Gross-Quatrone will take the deposition of the Diana Moskal on November 5, 2020 at 10:00 a.m. at the Law Offices of Ferrara Law Group, P.C., 50 West State Street, Suite 1100, Trenton, New Jersey 08608. If the deposition is not completed on November 5, 2020, it will be continued from day to day, excluding Sundays and holidays, until completed.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiff reserves the right to record the deposition testimony by videotape and instant visual display. Plaintiffs reserve the right to use the videotape deposition at the time of trial.

Dated: September 11, 2020

**FERRARA LAW GROUP**
*Attorneys for Plaintiff*

By:    *Ralph P. Ferrara /s/*
         RALPH P. FERRARA, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September 2020, I caused a true and correct copy of the foregoing Notice of Deposition to be served on counsel for Defendants via email, addressed as follows:

> Christine P. O'Hearn, Esquire
> Brown & Connery, LLP
> 360 Haddon Avenue
> Westmont, New Jersey 08108
> cbohearn@brownconnery.com

**FERRARA LAW GROUP, P.C.**

BY: _____
   RALPH P. FERRARA, ESQUIRE

# EXHIBIT E

Jennifer Evans

| | |
|---|---|
| **From:** | Christine O'Hearn |
| **Sent:** | Monday, September 14, 2020 12:49 PM |
| **To:** | Ralph  Ferrara |
| **Cc:** | Kathleen Dohn |
| **Subject:** | RE: Dep notices Gross Quatrone v. Mizdol et al. |

Ralph,

We previously issued a notice of deposition for Plaintiff. Please provide us with dates upon which Plaintiff is available in November (after her discovery responses are due). We will need to push these back. I will get dates on which the witnesses are available.

 **Christine P. O'Hearn, Esq.**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
cohearn@brownconnery.com
www.brownconnery.com

 

CONFIDENTIALITY NOTICE: This e-mail and any accompanying documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please reply as such and delete the e-mail.

**From:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 11:18 AM
**To:** Christine O'Hearn <cohearn@brownconnery.com>
**Cc:** Kathleen Dohn <kdohn@brownconnery.com>
**Subject:** FW: Dep notices Gross Quatrone v. Mizdol et al.

This is an EXTERNAL email. STOP. THINK. DON'T click links or open files unless you know the sender.

Please find deposition notices with respect to this matter.

Thanks

**From:** Dani Quaranta <Dani@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 11:17 AM
**To:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Subject:** Dep notices Gross Quatrone v. Mizdol et al.

1

*Danielle Quaranta, Paralegal*

**Ferrara Law Group, P.C.**

One State Street Square

50 W. State Street, Suite 1100

Trenton, NJ 08608

609.571.3738 (Tel)

609.498.7440 (Fax)



# EXHIBIT F

Jennifer Evans

| | |
|---|---|
| **From:** | Christine O'Hearn |
| **Sent:** | Monday, September 14, 2020 2:15 PM |
| **To:** | Ralph  Ferrara |
| **Cc:** | Kathleen Dohn |
| **Subject:** | RE: Dep notices Gross Quatrone v. Mizdol et al. |

Ralph,

I am aware of no rule that says a deposition notice is improper or invalidated under such circumstances. Assuming you serve discovery responses timely, we will still need to get medical records and that will take time. I do not see how we will be in position to take the plaintiff's deposition sooner than mid to late November.  We are not producing any defense witnesses until we depose the plaintiff first. I will check with my clients and advise you of dates we are available to take plaintiff's deposition in November and also provide you with dates thereafter for defendants' depositions. We can decide the method closer to the date as per your last email. If you are refusing to take the plaintiff's deposition first, please confirm that is your position  and we will reach out to Judge Wettre to request a conference call.

 **Christine P. O'Hearn, Esq.**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
cohearn@brownconnery.com
www.brownconnery.com

 

CONFIDENTIALITY NOTICE: This e-mail and any accompanying documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please reply as such and delete the e-mail.

**From:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 12:52 PM
**To:** Christine O'Hearn <cohearn@brownconnery.com>
**Cc:** Kathleen Dohn <kdohn@brownconnery.com>
**Subject:** RE: Dep notices Gross Quatrone v. Mizdol et al.

This is an **EXTERNAL** email. **STOP**. THINK. **DON'T** click links or open files unless you know the sender.

The deposition notice served by you was before initial disclosures and therefore improper.  Please serve a new notice if you wish.

1

As to your desire to "push" our notices back that isn't going to happen unless there are actual/real scheduling issues for witnesses or counsel.

Thanks

---

**From:** Christine O'Hearn <cohearn@brownconnery.com>
**Sent:** Monday, September 14, 2020 12:49 PM
**To:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Cc:** Kathleen Dohn <kdohn@brownconnery.com>
**Subject:** RE: Dep notices Gross Quatrone v. Mizdol et al.

Ralph,

We previously issued a notice of deposition for Plaintiff. Please provide us with dates upon which Plaintiff is available in November (after her discovery responses are due). We will need to push these back. I will get dates on which the witnesses are available.

 **Christine P. O'Hearn, Esq.**
Partner
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
cohearn@brownconnery.com
www.brownconnery.com

 

CONFIDENTIALITY NOTICE: This e-mail and any accompanying documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please reply as such and delete the e-mail.

---

**From:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 11:18 AM
**To:** Christine O'Hearn <cohearn@brownconnery.com>
**Cc:** Kathleen Dohn <kdohn@brownconnery.com>
**Subject:** FW: Dep notices Gross Quatrone v. Mizdol et al.

This is an **EXTERNAL** email. **STOP**. **THINK**. **DON'T** click links or open files unless you know the sender.

Please find deposition notices with respect to this matter.

Thanks

---

**From:** Dani Quaranta <Dani@Ferraralawgp.com>
**Sent:** Monday, September 14, 2020 11:17 AM

2

**To:** Ralph Ferrara <Ralph@Ferraralawgp.com>
**Subject:** Dep notices Gross Quatrone v. Mizdol et al.

*Danielle Quaranta, Paralegal*

**Ferrara Law Group, P.C.**

One State Street Square

50 W. State Street, Suite 1100

Trenton, NJ 08608

609.571.3738 (Tel)

609.498.7440 (Fax)



CONFIDENTIALITY NOTICE: This e-mail and any accompanying documents contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this e-mail in error, please reply as such and delete the e-mail.

# EXHIBIT G

# Ferrara Law Group, P.C.



September 17, 2020

**VIA EMAIL**

Christine P. O'Hearn, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ  08108

> **RE:**   **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
> **US District Ct of NJ, No. 2:20-cv-11829**

Dear Christine:

I know nothing in the Rules that mandates that plaintiffs sit idly by while you conduct discovery in the manner in which you wish to proceed.  There is nothing stopping you from serving Judge Gross-Quatrone with a Notice to Take Deposition at a date prior to any of the dates set forth in the notices served by our office.  The fact that you instead desire to have paper discovery completed prior to the depositions is fine, but there is no Rule, again, that says I must wait until you do so before I take discovery as I wish to.

I plan on proceeding with the depositions of your clients and Judge Grant based on the dates provided in those notices.  If you wish to take my clients deposition "first" then send me a proper notice otherwise you can plead your case to Magistrate Wettre as I am prepared to proceed either way.

Very truly yours,

**FERRARA LAW GROUP, P.C.**

RALPH P. FERRARA

RPF/lrp

One State Street Square ◆ 50 W. State St., Suite 1100 ◆ Trenton, NJ 08608 ◆ Tel: (609) 571-3738 ◆ Fax: (609) 498-7440

New Jersey   ◆   Philadelphia

117 Forrest Avenue, Suite 215 ◆ Narbeth, PA, 19072 ◆ *please direct all mail to our New Jersey office

www.ferraralawgp.com

# EXHIBIT H

Jennifer Evans

| | |
|---|---|
| **From:** | Kevin Kotch Esq <kevin@Ferraralawgp.com> |
| **Sent:** | Wednesday, September 30, 2020 1:52 PM |
| **To:** | Christine O'Hearn; Kathleen Dohn |
| **Cc:** | Ralph  Ferrara |
| **Subject:** | Gross-Quatrone v. Mizdol |
| **Attachments:** | Gross-Quatrone Interrogatories.docx; Gross-Quatrone Interrogatories.pdf; Gross-Quatrone Requests for Production.docx; Gross-Quatrone Requests for Production.pdf |

This is an **EXTERNAL** email. **STOP**. THINK. **DON'T** click links or open files unless you know the sender.

Enclosed please find Plaintiff's Interrogatories and Document Requests directed to Defendants. I have enclosed a Word version of these document for your convenience.

Kevin J. Kotch, Esquire

# EXHIBIT I

# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967



Christine P. O'Hearn, Esq.
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney
cohearn@brownconnery.com

September 30, 2020

**<u>Via Electronic Mail</u>**
Ralph P. Ferrara, Esq.
Ferrara Law Group, P.C.
One State Street Square
50 W. State Street, Suite 1100
Trenton, NJ 08608

   Re: **<u>Deborah Gross-Quatrone v. Bonnie Mizdol, et al.</u>**
     **Docket No.: 2:17-cv-13111-SDW-LDW**

Dear Mr. Ferrara:

  This letter is a follow up to several emails and letters recently exchanged related to the scheduling of depositions in this matter. Defendants, and Judge Grant, are not available on the dates you noticed for a number of reasons including but not limited to the fact that Judge Mizdol is not available to attend depositions on one or more of those dates due to Court obligations. Further, Meryl Nadler, Esquire, the representative of the Administrative Office of the Courts is not available on any of the dates you have noticed.

  As a preliminary matter, we served a Notice of Deposition for the Plaintiff on May 21, 2020 for Plaintiff's deposition on August 5, 2020. We assumed at that time discovery would be underway by that time. However, due to a number of reasons, including Plaintiff's request for time to determine whether to amend her Complaint, the initial conference in this matter was not held until September 11, 2020. Thus, no discovery including Plaintiff's deposition took place prior thereto. It is apparently your position, without citation to any court rule or case law, that the previously served deposition notice is invalid and you are now refusing to produce the Plaintiff for deposition prior to the Defendants. As you know, Plaintiff's discovery responses are due on October 11, 2020. Assuming those responses are complete and timely served, we will need to review them, consult with our clients and request relevant medical records from providers. For these reasons, and various scheduling issues, we will likely not be in a position to take Plaintiff's deposition until late November. It is not feasible to take Plaintiff's deposition prior thereto since we will not even have Plaintiff's discovery responses. In addition, we believe that Defendants are entitled to know the specific allegations against them prior to being deposed.

7AQ6600

**BROWN & CONNERY, LLP**

September 30, 2020
Page 2

Thus, we propose the following deposition schedule:

| | |
|---|---|
| Plaintiff - | November 30, 2020 |
| Judge Grant - | December 2, 2020 |
| Judge Mizdol - | December 8, 2020 |
| Ms. Simoldoni - | December 10, 2020 |
| Ms. Moskal - | December 10, 2020 |

All of the parties above are confirmed available for depositions on this date.

We make this proposal in an effort to avoid having the Court involved in such routine scheduling matters that are normally resolved by counsel. As you know, it is not only customary for a Plaintiff to be deposed first, but here we actually noticed her deposition first. The discovery end date is not until February 2021, so this proposal provides more than sufficient time for discovery. If you are not available on these dates, please provide me with other dates in the general time frame on which you are available and I will consult with the clients to confirm availability. If you are not agreeable to this proposal, please let me know and we will reach out to the Court to request a conference.

With respect to your Notice of Deposition for Judge Grant, we want to confirm that the scope of that deposition in this action will be limited to the time period at issue in this case (March 2015 until January 2016) and to the relevant topics in this case (AOCs policies/procedures related to discrimination, harassment, hiring of law clerks, etc.; Plaintiff's assignment to Passaic Vicinage; Plaintiff's assignment to Bergen Vicinage; Plaintiff's assignment to Essex Vicinage; communications with the AOC related to the tape recording incident; filing of the ACJC complaint) and not any of the matters that are the subject of the second lawsuit in which a Motion to Dismiss is pending. If there are any topics you believe are relevant to this action that I have not identified, please let me know so we can discuss or confirm you are in agreement in this regard. Again, if you do not agree, please let me know and we will reach out to the Court to request a conference.

If you would like to discuss any of these matters to attempt to reach a resolution, please call.

Very truly yours,
**BROWN & CONNERY, LLP**

*s / Christine P. O'Hearn*

Christine P. O'Hearn

CPO/jle

# EXHIBIT J

# Ferrara Law Group, P.C.



October 5, 2020

**VIA EMAIL**

Christine P. O'Hearn, Esquire
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108

RE:   **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
**US District Ct of NJ, No. 2:17-cv-13111-MCA-LDW**

Dear Ms. O'Hearn:

I am in receipt of your correspondence of September 30, 2020 and I thank you for same. Referring to the first paragraph of your letter, you dedicate the paragraph to telling me that no one is available but yet you do not provide me any reasons behind the unavailability. I am more than happy to take Judge Mizdol's deposition at an off hour or on the weekend. The fact that you tell me folks "are not available" doesn't satisfy your obligation.

Once again, the Notice of Deposition you served on the plaintiff for her deposition was defective because it was served prior to Initial Rule 26 Disclosures being served.  In fact, it was also improper as you never intended to take the deposition on August 25, 2020 as you clearly would not have had all the documents you now insist you need in order to take her deposition presently.  The contradictory nature of your position is unavoidable.

Let me be clear, at this point in time, we do not recognize any Notice of Deposition that has been served upon the plaintiff in this matter and look forward to receiving same pursuant to the Rules of Court.  Finally, the proposed deposition schedule set forth in your letter is not doable as the first two weeks of December, I am already booked for depositions, hearings and conferences on other matters. Unlike your statement of general "unavailability" I can provide the names of the matters and docket numbers to support my statement.

One State Street Square • 50 W. State St., Suite 1100 • Trenton, NJ 08608 • Tel: (609) 571-3738 • Fax: (609) 498-7440

New Jersey  ◆  Philadelphia

117 Forrest Avenue, Suite 215 • Narbeth, PA, 19072 • *please direct all mail to our New Jersey office
www.ferraralawgp.com



The plaintiff will be deposed in accordance with whatever notice that you now choose to serve on her and subject to whatever defenses we may have to that notice. Furthermore, I do not plan on pre-orchestrating my deposition questions of any of the parties or Judge Grant but do understand the Rules and will agree to abide by them. You are certainly able and capable of directing a witness to not answer a question if you think it's improper or getting Magistrate Wettre involved if you believe I am outside the bounds of where I should be concerning questioning. That being said, I would expect the same from you when questioning my client.

Very truly yours,

**FERRARA LAW GROUP, P.C.**

RALPH P. FERRARA

RPF/lrp