# THE DWYER LAW FIRM, L.L.C.

### 550 BROAD STREET, SUITE 704
### NEWARK, NEW JERSEY 07102

ANDREW DWYER*

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

*ALSO ADMITTED IN NEW YORK

SOUTHERN NEW JERSEY OFFICE
129 S. MAIN STREET
PLEASANTVILLE, NEW JERSEY 08232
(609) 277-7684
FAX (609) 867-6820

PLEASE REPLY TO NEWARK OFFICE

## "LAWYERS WORKING FOR WORKING PEOPLE"™

July 26, 2021

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
&. U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> **Re:** **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.,**
> **Civil Action No. 17-cv-13111 (JXN) (LDW)**

Dear Judge Wettre:

Along with Ralph Ferrara and Kevin Kotch of The Ferrara Law Group, I am

co-counsel for plaintiff the Hon. Deborah Gross-Quatrone in this action.  I am writing

concerning plaintiff's deposition, currently scheduled for this Wednesday, July 28th.

There has been a significant new development in this case, and as a consequence I

am asking for an emergent telephone conference with the Court concerning

plaintiff's deposition.  The new development concerns the report on plaintiff's

medical condition issued by Christine Ghilain, Ph.D. in 2020 (the "Ghilain Report").

As I believe Your Honor knows, there is a separate pending action in the New

Jersey Superior Court, captioned Hon. Deborah Gross-Quatrone v. New Jersey

Judiciary, et al., Docket No. MER-L-767-21 (the "State Action").  The State Action

was filed on April 12, 2021, and an Amended Complaint was filed on May 11, 2021.

Hon. Leda Dunn Wettre, U.S.M.J.
July 26, 2021
Page 2 of 6

There are a number of claims raised in the State Action, but the primary claim is that Judiciary employees working in the Administrative Office of the Courts retaliated against plaintiff, by improperly and illegally interfering with plaintiff's application for a Judicial Disability Retirement.

Shortly after we filed the State Action, we issued a number of discovery demands in the case, which included subpoenas served on Dr. Ghilain to obtain her file concerning plaintiff, including the Ghilain Report.

Defendants responded by filing two motions to quash subpoenas served on Dr. Ghilain as well as subpoenas served on two other treatment providers. Defendants also filed a motion to dismiss the Amended Complaint, arguing (among other things) that plaintiff could not challenge the Judiciary's actions with regard to the Judicial Disability Retirement.  Based on these motions, defendants argued plaintiff should be barred from obtaining the Ghilain Report.

All three motions were heard by the Hon. Douglas H. Hurd, P.J.Cv. last Thursday, July 22nd.  On Friday afternoon, July 23rd, Presiding Judge Hurd issued his rulings.  He denied all of defendants' motions.  He denied the motion to dismiss, and he denied both motions to quash.  Copies of his Orders are enclosed with this letter.

As a result of Presiding Judge Hurd's rulings there is no question we are now entitled to the Ghilain Report.  In a sworn declaration filed with this Court on November 2, 2020, Craig Bailey, the Assistant Director for Human Resources in the AOC, advised this Court that the denial of plaintiff's Judicial Disability Retirement was "based on Dr. Ghilain's report and opinions."  (A copy of Mr. Bailey's Declaration

Hon. Leda Dunn Wettre, U.S.M.J.
July 26, 2021
Page 3 of 6

is enclosed with this letter.)  Consequently, in submissions to this Court, defendants

acknowledged that if plaintiff's challenge to the Judiciary's actions regarding the

Judicial Disability Retirement survives a motion to dismiss, then plaintiff would be

entitled to the Ghilain Report.  We are now at that juncture.  Plaintiff's claims in the

State Action have survived defendants' motion to dismiss, which was denied in its

entirety.  Consequently, we are entitled to the Ghilain Report.

After receiving Presiding Judge Hurd's rulings, I emailed correspondence to

defense counsel, Kathleen Dohn, requesting that she immediately produce the

Ghilain Report.  A copy of this correspondence is enclosed.  I pointed out to Ms.

Dohn that given plaintiff's deposition is scheduled for July 28th, we wanted to receive

the Ghilain Report before then.  I observed that defense counsel was unquestionably

going to be interrogating plaintiff about her medical condition during the deposition.

Given that, it would violate due process, and be fundamentally unfair, to deny

plaintiff access to a report concerning her medical condition, while defense counsel

had access to that same report.  I advised Ms. Dohn that if she did not agree to

immediately produce the Ghilain report, I would be asking for Your Honor's

intervention, and I would be seeking to adjourn plaintiff's deposition until the report is

produced.

I heard back from Ms. Dohn around 1:00 p.m. today, advising that defense

counsel will not agree to adjourn plaintiff's deposition, but apparently defense

counsel also will not agree to produce the Ghilain Report, despite being ordered to

do so by Presiding Judge Hurd.

We submit as a matter of due process and fundamental fairness, plaintiff's deposition should not proceed until we are provided with the Ghilain Report. Again, there is no dispute plaintiff's medical condition will be an area explored by defense counsel at plaintiff's deposition. Defense counsel has been given unfettered access to plaintiff's medical records. Indeed, defense counsel has successfully argued in this Court that any and all of plaintiff's medical records and reports should be subject to discovery, because they might reveal information about plaintiff's medical condition, which is necessarily a relevant area of inquiry in this case.

To put it bluntly, what's good for the goose is good for the gander. Defense counsel sought and were granted access to all medical records concerning plaintiff, because they might reveal information about plaintiff's medical condition. The Ghilain Report likewise has information about plaintiff's medical condition. Defense counsel has access to the Ghilain Report, but we do not. Allowing plaintiff's deposition to go forward with only one side having access to the Ghilain Report, and allowing plaintiff to be interrogated about anything related to her medical condition, or emotional distress, would deny plaintiff due process.

We imagine defense counsel will argue Dr. Ghilain was not plaintiff's personal physician, or that the Ghilain Report was developed for some other purpose, but these arguments are non sequiturs. What matters – and what is undisputed – is that (a) the Ghilain Report has information about plaintiff's medical condition; (b) defense counsel has access to the Ghilain Report and we do not; and (c) defense counsel plans to interrogate plaintiff about issues related to her medical condition. It would

be fundamentally unfair to require the deposition to proceed under these circumstances.

While writing this letter, defense counsel submitted a letter to Your Honor on this issue. She argues she does not plan to ask questions "about Dr. Ghilain's report." Respectfully, that is irrelevant and dodges the issue. She does not have to ask questions that specifically reference the Ghilain Report. Rather, if defense counsel is asking questions about plaintiff's medical condition, then it is fundamentally unfair to allow the deposition to proceed when only one side has access to a report concerning plaintiff's medical condition. Defense counsel will be unfairly able to mine information from the Ghilain Report, and we will have no way to prepare for the deposition, or adequately defend the deposition, because we've never seen the report. Indeed, because we've never seen the Ghilain Report, defense counsel will be able to frame a line of interrogation stemming from the Ghilain Report, and we will not even know it is happening. No one can contend that would be a fair deposition. It is litigation by ambush, pure and simple.

Given the emergent timing of this situation, I am respectfully requesting that a conference call be scheduled with Your Honor this afternoon. I note that defense counsel also is seeking a telephone conference on this issue. If Your Honor declines to adjourn the deposition, and defense counsel continues to refuse to produce the Ghilain Report in defiance of Presiding Judge Hurd's ruling, then we plan to submit an emergent appeal to the Hon. Julien Xavier Neals, U.S.D.J., so we would appreciate receiving a ruling on this issue from Your Honor today.

Hon. Leda Dunn Wettre, U.S.M.J.
July 26, 2021
Page 6 of 6


Thank you for Your Honor's courtesies.

Respectfully submitted,

THE DWYER LAW FIRM, L.L.C.

*/s/ Andrew Dwyer*

Andrew Dwyer

Encl.

Cc:   Christine O'Hearn (via ECF)
Kathleen Dohn (via ECF)
Kayla Louis (via ECF)
Ralph Ferrara (via ECF)
Kevin Kotch (via ECF)

**BROWN & CONNERY, LLP**
Kathleen E. Dohn, Esquire (ID No. 041312008)
Kayla L. Louis, Esquire (ID No. 246762017)
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendants*

| | |
|---|---|
| HON. DEBORAH GROSS-QUATRONE, J.S.C., | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY LAW DIVISION |
| Plaintiff, | DOCKET NO.: MER-L-0767-21 |
| v. | **CIVIL ACTION** |
| NEW JERSEY JUDICIARY, MICHELLE M. SMITH, Clerk of the Superior Court of New Jersey, and the STATE OF NEW JERSEY, | **ORDER** |
| Defendants. | |

**THIS MATTER** having been presented to the Court by Defendants, the New Jersey Judiciary, Michelle Smith, the Clerk of the New Jersey Superior Court, and the State of New Jersey, by way of a motion to dismiss pursuant to R. 4:6-2(a) and (e) and the Court having considered all of the motion papers, oral argument on July 22, 2021 and for the reasons expressed on the record on July 23, 2021;

It is hereby ORDERED on this 23rd day of July, 2021, that the motion is DENIED;

 

 

 

                                 ____/s/ Douglas H. Hurd_____
                                 **P.J. Cv.**

Opposed     __x_

Unopposed   ____

**BROWN & CONNERY, LLP**
Kathleen E. Dohn, Esquire (ID No. 041312008)
Kayla L. Louis, Esquire (ID No. 246762017)
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
**Attorneys for Defendants**

| | |
|---|---|
| HON. DEBORAH GROSS-QUATRONE, J.S.C., | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY LAW DIVISION |
| Plaintiff, | DOCKET NO.: MER-L-0767-21 |
| v. | **CIVIL ACTION** |
| NEW JERSEY JUDICIARY, MICHELLE M. SMITH, Clerk of the Superior Court of New Jersey, and the STATE OF NEW JERSEY, | **ORDER** |
| Defendants. | |

     **THIS MATTER** having been presented to the Court by Brown & Connery, LLP, attorneys for Defendants, New Jersey Judiciary, Michelle Smith, and the State of New Jersey, in this matter, for an order granting Motion to Quash Plaintiff's Subpoena Ad Testificandum to Dr. Christine Ghilain, Ph.D., and Subpoenas Duces Tecum to Dr. Joel Morgan, Ph.D., and Dr. Jacob Jacoby, M.D., Ph.D., and For a Protective Order and the Court having considered the motion papers and oral argument on July 22, 2021, and for the reasons expressed on the record on July 23, 2021;

     **IT IS** on this 23rd day of July 2021, **ORDERED** that Defendants' Motion to Quash and for a protective order is **DENIED;** defendants may make specific assertions of privilege using a privilege log in accordance with Rule 4:10-2(e)(1).

**IT IS FURTHER ORDERED** that a copy of this Order shall be deemed served upon all

parties via E-Courts.


                                               __/s/ Douglas H. Hurd_____

                                               P.J. Cv.

____x____ motion opposed
_____ motion unopposed

**BROWN & CONNERY, LLP**
Kathleen E. Dohn, Esquire (ID No. 041312008)
Kayla L. Louis, Esquire (ID No. 246762017)
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
**Attorneys for Defendants**

| | |
|---|---|
| HON. DEBORAH GROSS-QUATRONE, J.S.C., | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY LAW DIVISION |
| Plaintiff, | DOCKET NO.: MER-L-0767-21 |
| v. | **CIVIL ACTION** |
| NEW JERSEY JUDICIARY, MICHELLE M. SMITH, Clerk of the Superior Court of New Jersey, and the STATE OF NEW JERSEY, | **ORDER** |
| Defendants. | |

    **THIS MATTER** having been presented to the Court by Brown & Connery, LLP, attorneys for Defendants, New Jersey Judiciary, Michelle Smith, and the State of New Jersey, in this matter, for an order granting Motion to Quash Plaintiff's Subpoena Ad Testificandum to Dr. Christine Ghilain, Ph.D., and Subpoenas Duces Tecum to Dr. Joel Morgan, Ph.D., and Dr. Jacob Jacoby, M.D., Ph.D., and For a Protective Order and the Court having considered the motion papers and oral argument on July 22, 2021, and for the reasons expressed on the record on July 23, 2021;

    **IT IS** on this 23rd day of July 2021, **ORDERED** that Defendants' Motion to Quash and for a protective order is **DENIED;** defendants may make specific assertions of privilege using a privilege log in accordance with Rule 4:10-2(e)(1).

**IT IS FURTHER ORDERED** that a copy of this Order shall be deemed served upon all parties via E-Courts.

      /s/ Douglas H. Hurd

P.J. Cv.

\_\_\_\_x\_\_\_\_ motion opposed
_____ motion unopposed

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| DEBORAH GROSS-QUATRONE, <br><br> Plaintiff, <br><br> vs. <br><br> BONNIE MIZDOL, DIANA MOSKAL, LAURA SIMOLDONI, and JOHN and JANE DOE 1-10 <br><br> Defendants. | Civil Action No. 2:17-cv-13111-SDW-LDW <br><br> Motion Day: December 7, 2020 <br><br> **DECLARATION OF CRAIG BAILEY IN SUPPORT OF MOTION TO QUASH** |

I, Craig Bailey, of full age, hereby declare under penalty of perjury as follows:

1. I am presently employed by the State of New Jersey ("State") as the Assistant Director for Human Resources for the Judiciary. I have personal knowledge of the information set forth in this Declaration.

2. On or about June 26, 2019, Plaintiff, Deborah Gross-Quatrone, a New Jersey Superior Court judge, filed an application for a disability retirement pension pursuant to N.J.S.A. 43:6A-12. With that application, Plaintiff submitted medical records from her treating physicians.

3. In order to evaluate Plaintiff's application for a disability retirement pension pursuant to N.J.S.A. 43:6A-12, the State retained a physician, Dr. Christine Ghilain, Ph.D., ABPP-CN of Neuropsychology Associates of New Jersey ("Neuropsychology Associates") to review Plaintiff's medical records, do an independent examination of Plaintiff and provide the State with an opinion as to her ability to serve in a judicial capacity.

4. Dr. Ghilain's examination took place on January 7th and 23rd, 2020.

DECLARATION OF BAILEY

5. The State paid Dr. Ghilain for her work related to Plaintiff.

6. In or about June 2020, the State, specifically the New Jersey Supreme Court, denied Plaintiff's application for a disability retirement pension based upon Dr. Ghilain's report and opinions.

7. As of this date, the State has not disclosed the contents of Dr. Ghilain's report to any persons outside of those within the Judiciary involved in evaluation Plaintiff's application for a disability retirement pension.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _11/2/2020_

Craig Bailey, Assistant Director for
Human Resources

DECLARATION OF BAILEY

# THE DWYER LAW FIRM, L.L.C.
### 550 BROAD STREET, SUITE 704
### NEWARK, NEW JERSEY 07102

ANDREW DWYER*

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

*ALSO ADMITTED IN NEW YORK

SOUTHERN NEW JERSEY OFFICE
129 S. MAIN STREET
PLEASANTVILLE, NEW JERSEY 08232
(609) 277-7684
FAX (609) 867-6820

PLEASE REPLY TO NEWARK OFFICE

## "LAWYERS WORKING FOR WORKING PEOPLE"™

July 24, 2021

**VIA ELECTRONIC MAIL**

Kathleen E. Dohn
Brown & Connery, LLP
360 Haddon Avenue
Westmont, New Jersey 08108
Email: kdohn@brownconnery.com

Re:   **Hon. Deborah Gross-Quatrone, J.S.C. v. NJ Judiciary, et al.,**
      **Docket No. MER-L-767-21**

Dear Ms. Dohn:

As you know, Presiding Judge Hurd denied defendants' motion to dismiss as well as defendants' two motions to quash. In light of that, we would like to get the report issued by Christine Ghilain, Ph.D. in the spring of 2020 regarding plaintiff as soon as possible.

We are particularly concerned to obtain the Ghilain report prior to plaintiff's deposition on July 28th. Regardless of the purpose of the report, it concerns plaintiff's medical condition. You will invariably ask some questions about plaintiff's medical condition during plaintiff's deposition, particularly questions regarding plaintiff's claims for emotional stress damages. It is fundamentally unfair for your office to have access to this report (or at least access to the general information found in the report), while we are denied access.

If you are unwilling to voluntarily provide the report before the deposition, then we are going to ask that the deposition be adjourned until we have been provided with the report.

I would appreciate hearing back regarding your position on this issue first thing Monday morning. If you are unwilling to voluntarily either produce the report or postpone the deposition, then we will immediately raise the issue with Magistrate Judge Wettre, and if necessary, with District Judge Neals.

**Kathleen E. Dohn**
**July 24, 2021**
**Page 2 of 2**

I look forward to hearing back from you.

Very truly yours,

THE DWYER LAW FIRM, L.L.C.

*/s/ Andrew Dwyer*

Andrew Dwyer

Cc:    William Tambussi (via email)
        Kayla Louis (via email)
        Ralph Ferrara (via email)
        Kevin Kotch (via email)