# THE DWYER LAW FIRM, L.L.C.
550 BROAD STREET, SUITE 704
NEWARK, NEW JERSEY 07102

**ANDREW DWYER*** 

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

SOUTHERN NEW JERSEY OFFICE
129 S. MAIN STREET
PLEASANTVILLE, NEW JERSEY 08232
(609) 277-7684
FAX (609) 867-6820

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

"LAWYERS WORKING FOR WORKING PEOPLE"™

August 6, 2021

**VIA ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
    & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.,**
              **Civil Action No. 17-cv-13111 (JXN) (LDW)**

Dear Judge Wettre:

      Along with Ralph Ferrara and Kevin Kotch of The Ferrara Law Group, I am co-counsel for plaintiff the Hon. Deborah Gross-Quatrone in this action. I am writing in response to the letter submitted by defense counsel yesterday, and also in anticipation of the Zoom videoconference Your Honor has scheduled for next Thursday, August 12th.

      First, defense counsel argues that Your Honor should determine the briefing schedule for the appeal we are filing with the Hon. Julien X. Neals, U.S.D.J., pursuant to L. Civ. R. 72.1(c)(1) and L. Civ. R. 7.1, and as part of that briefing schedule defense counsel also asks Your Honor to prohibit plaintiff's counsel from submitting reply papers, even though reply papers are specifically authorized by the Rules. This request took me by surprise. From 1990, when I clerked for the Hon.

Dickinson R. Debevoise, U.S.D.J., to the present, I was always under the impression that each Judge managed his or her own calendar, and I had never heard the notion that a Magistrate Judge could dictate a briefing schedule to a District Judge (particularly when the briefing schedule concerns an appeal of a Magistrate Judge's ruling). We respectfully submit this argument should be disregarded in its entirety, as Judge Neals should be allowed to manage his own calendar. We also strongly object to defense counsel's attempt to deny us our right under the Rules to submit reply papers. Frankly, in my 30 years of practicing law, I don't think I've ever seen an attorney try to prohibit an adversary from submitting a reply specifically permitted by the Rules.

Second, defense counsel's newly minted reason for unilaterally canceling the deposition for the Hon. Glenn Grant, J.A.D. (they never gave us any explanation, despite our requests), does not make much sense. They are simultaneously asking Your Honor to keep plaintiff's deposition scheduled for August 16th, yet they are unilaterally canceling Judge Grant's deposition now, because the August 16th deposition might not go forward. We respectfully submit Judge Grant's deposition should not be moved at this time, especially in light of the discovery end date fast approaching.

Third, defense counsel also asks Your Honor to address their July 20th "claw back" request regarding the documents produced by Christine Ghilain, Ph.D., on March 17, 2021. As Your Honor knows, on July 21st we submitted a 31 page response in opposition to defendants' request. We pointed out – among many other things – that the claim that any documents were "inadvertently" produced was false;

Hon. Leda Dunn Wettre, U.S.M.J.
August 6, 2021
Page 3 of 5

none of the documents are privileged; and in any case defendants are asking Your Honor to violate the Anti-Injunction Act, 28 U.S.C. § 2283, by enjoining a State court proceeding. Defense counsel has never responded to our arguments.

We thought it would be helpful to provide Your Honor with a few updates regarding the State action, ahead of the August 12th Zoom videoconference. First, as we predicted, on July 23rd, the Hon. Douglas H. Hurd, P.J.Cv., denied in its entirety defendants' motion to dismiss the State action. On that same date, Presiding Judge Hurd also denied both of defendants' motions to quash certain subpoenas, including subpoenas served on Dr. Ghilain and two other treatment providers.

Defense counsel has filed a motion for a stay of Presiding Judge Hurd's rulings, which will be heard next Tuesday, August 10th. Defense counsel has stated she intends to file a motion for leave to appeal from Presiding Judge Hurd's ruling denying the motion to dismiss. (The motion for leave to appeal has not been filed yet, however. The final deadline for that motion is August 12th. Defense counsel is taking the full allotted 20 days to file her motion for leave to appeal under the Rules, as is her right.) However, based on statements in the defendants' stay motion, it appears defendants are *not* planning on seeking leave to appeal from Presiding Judge Hurd's Orders which denied both of defendants' motions to quash the subpoenas served on Dr. Ghilain and others.

Thus, it would seem defendants' request that Your Honor interfere in the State action is even broader than originally conceived. To respond to defendants' not-yet-filed motion for leave to appeal, we would need to submit the Amended

Complaint they seek to dismiss, and recite its allegations in opposition to defendants' argument, which includes numerous quotations from and references to the Ghilain documents defendants want to "claw back." But defendants want to prohibit that, because according to their request to Your Honor, we should be prohibited from using these documents in the State action "for any purpose," and our public filings (i.e., the Amended Complaint and our briefs) should all be suppressed. So defense counsel is not only asking Your Honor to enjoin the State action at the trial level; she is now effectively asking Your Honor to enjoin the State action at the appellate level as well.

Further, while defendants are *not* seeking appellate review of Presiding Judge Hurd's denial of their motions to quash the subpoenas served on Dr. Ghilain and others, apparently they are effectively seeking to "appeal" those rulings to Your Honor, by asking Your Honor to rule the documents responsive to the subpoenas are "privileged" (defense counsel still won't say which privilege she is relying upon), and thus should be suppressed.

In sum, defense counsel's requests to Your Honor contain a number of "firsts." We look forward to further addressing these novel arguments made by defense counsel at the August 12th conference.

**Hon. Leda Dunn Wettre, U.S.M.J.**
**August 6, 2021**
**Page 5 of 5**

Thank you for Your Honor's courtesies.

Respectfully submitted,

THE DWYER LAW FIRM, L.L.C.

*/s/ Andrew Dwyer*

Andrew Dwyer

Cc: Kathleen Dohn (via ECF)
Kayla Louis (via ECF)
Ralph Ferrara (via ECF)
Kevin Kotch (via ECF)