# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Kathleen E. Dohn, Esq.
kdohn@brownconnery.com

November 2, 2021

**Via ECF**
Honorable Leda Dunn Wettre, U.S.M.J
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:  **Deborah Gross-Quatrone v. Bonnie Mizdol, et al.**
            **Docket No.: 2:17-cv-13111-SDW-LDW**

Dear Judge Wettre:

     Please allow this letter to serve as a response to Mr. Dwyer's correspondence of October 28, 2021.

     As to the items that Plaintiff left when she vacated her chambers in Essex, Plaintiff or her counsel are free to pick them up at any time and are encouraged to do so. Indeed, Plaintiff was specifically advised that she could retrieve her items earlier this year but declined to do so.

     With regard to Plaintiff's request for the Court to direct Defendants to conduct an ESI search, counsel had conferred earlier in the case about what documents and information each respective party already had in their possession by virtue of the investigation and resulting hearing conducted by the Advisory Committee on Judicial Conduct (ACJC). Mr. Dwyer was not yet involved in this case, but his co-counsel Mr. Ferrara and Mr. Koch certainly were. The documents produced in the ACJC proceedings included electronically stored information such as emails to/from Plaintiff, Hon. Bonnie Mizdol, Laura Simoldoni, Hon. Glenn Grant, and Diana Moskal. Given that each party already had these documents, it was agreed there would be no need to reproduce them. At no point prior to Mr. Dwyer's correspondence of October 28, 2021, did Plaintiff request a separate ESI search be conducted above and beyond anything that was produced in the ACJC proceedings. Plaintiff's request at this late date is nothing short of a last ditch effort to salvage claims which, as made abundantly clear by the depositions, are without merit and evidentiary support.

     Similarly, Plaintiff's request to amend her pleadings "to conform to the proofs" should be denied as Plaintiff has known that the ACJC grievance was sent by Judge Mizdol on December 23, 2015, since the inception of this case. *See* e.g. Plaintiff's Second Amended Complaint (ECF Document 36, ¶34) ("On December 23, 2015, an attorney hired by Plaintiff contacted Judge Mizdol to inform her of his representation and that Plaintiff would not be attending work the next day in order to see a doctor. The same day, Judge Mizdol made a false report to the Advisory Committee on Judicial Conduct ("ACJC"), stating that Plaintiff had willfully violated the Judiciary's internal employment policies by allowing the law clerk, Nadya Comas, to start early"). Thus, there are no new facts of which Plaintiff was unaware. Furthermore, and absent from Plaintiff's letter of October 28, 2021, was Judge Mizdol's testimony that she had spoken to Judge Grant prior to drafting the

**BROWN & CONNERY, LLP**

Honorable Leda Dunn Wettre, U.S.M.J.
November 2, 2021
Page 2

grievance of December 23, 2015, and that they both agreed that a referral was to be made to the ACJC. This was corroborated by Judge Grant's testimony that he spoke to Judge Mizdol and strongly recommended that an ACJC referral be filed. Judge Mizdol further testified that she started drafting the grievance on December 22, 2015 and that on December 23, 2015, she did not have any substantive conversation with Plaintiff's retained counsel, Mr. Lamparello, about the purpose of his representation. Plaintiff was aware of all salient facts at the time she filed her Second Amended Complaint and elected not to pursue a retaliation claim. She cannot do so now. Plaintiff's request to amend should be denied. Defendants will oppose any motion to amend Plaintiff's Second Amended Complaint as futile.

Finally, Defendants are amenable to the proposed schedule of Plaintiff serving any expert reports by December 13, 2021, rebuttal expert reports by January 17, 2022, and expert depositions completed by February 28, 2022.

We thank Your Honor for your time and attention to this matter.

Respectfully submitted,
**BROWN & CONNERY, LLP**
*s/ Kathleen E. Dohn*
Kathleen E. Dohn

cc:  Ralph Ferrara, Esquire *(via ECF and Electronic Mail)*
     Kevin Koch, Esquire *(via ECF and Electronic Mail)*
     Andrew Dwyer, Esquire *(via ECF and Electronic Mail)*

7EV2727