**BROWN & CONNERY, LLP**
William M. Tambussi, Esq.
Kathleen E. Dohn, Esq.
Kayla L. Louis, Esq.
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
kdohn@brownconnery.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**VICINAGE OF NEWARK**

| | |
|---|---|
| DEBORAH GROSS-QUATRONE,<br><br>       Plaintiff,<br><br>vs.<br><br>BONNIE MIZDOL, DIANA MOSKAL, LAURA SIMOLDONI, and JOHN and JANE DOE 1-10<br><br>       Defendants. | Civil Action No. 2:17-cv-13111-MEF-LDW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTESTED MATERIAL FACTS** |

The Hon. Bonnie Mizdol, A.J.S.C, Ret., Diana Moskal, and Laura Simoldoni ("Defendants") hereby submit the following response to Plaintiff's Statement of Uncontested Material Facts.

1. Admitted.

2. Admitted only that Plaintiff testified that she was transferred to the Passaic Vicinage because Judge Mizdol voted to send her to Passaic. The remaining facts in this paragraph are denied as they are not supported by Plaintiff's citation to the record. It is further denied that Plaintiff was assigned to the Passaic Vicinage due to Judge Mizdol's "vote," By way of further response, see DSMF at ¶¶9–15.

7NY2647

3. Admitted.

4. Admitted that Plaintiff so testified, in part. Denied that Plaintiff testified she learned her transfer would be effective July 6, 2015 because that assertion is not supported by any citation to the record. Admitted that Plaintiff's transfer was effective on July 6, 2015. See DSMF at ¶20.

5. Admitted.

6. Admitted that Plaintiff so testified. Denied that Judge Mizdol gave Plaintiff "special rules" as she testified she had a very similar meeting with Judge Kazlau that day, including discouraging him from taking medical appointments during the day and not leaving the courthouse. See DSMF at ¶35.

7. Admitted that Plaintiff so testified.

8. Plaintiff's statement that "upon information and belief," rules were not applied to other judges reporting to Judge Mizdol is denied and is improper because it is unsupported by any citation to the record. Regarding the remaining facts, admitted that Plaintiff so testified. Denied that Judge Mizdol did not impose the same rules on Judge Kazlau. See DSMF at ¶35.

9. Plaintiff's statement that "upon information and belief," no other new judges were assigned spaces on that side of the lot or on the floor of the parking garage entrance is denied and is improper because it is unsupported by any citation to the record. Plaintiff's statement that "upon information and belief," her parking spot was assigned at Judge Mizdol's direction to permit her to monitor when Plaintiff arrived and intimidate her is also denied and is improper because it is unsupported by any citation to the record. Regarding the remaining facts, admitted only that Plaintiff so testified.

10. Denied that "Judge Mizdol made Plaintiff explicitly aware that she was being closely watched" because that assertion is not supported by the citation to the record. Regarding the remaining facts, admitted that Plaintiff so testified.

11. Denied as the facts in this paragraph are not supported by the citation to the record. Plaintiff's cited deposition testimony only states that Judge Mizdol called her chambers during the lunch hour and no one picked up and there was no voicemail because her voicemail was not working.

12. Denied. Plaintiff's citation to the Second Amended Complaint is improper as it is not a citation to the record. Further, Plaintiff's citation to Plaintiff's Exhibit D does not support the assertions in this paragraph as Plaintiff's notes for 7/6/15 make no mention of sending her daily calendar to Judge Mizdol.

13. Admitted only that Plaintiff's Notes for 8/4/14, Exhibit D, state that her new law clerk started today to spend some overlap with her prior law clerk. The remaining facts are denied as they are not supported to any citation to the record. Plaintiff's citation to the Second Amended Complaint is improper as it is not a citation to the record.

14. Denied. Plaintiff's citation to the record does not contain any of the facts asserted in this paragraph. By way of further response, see DSMF at ¶42.

15. Admitted only that Plaintiff so testified, except denied Plaintiff testified she "never wore flip-flops during work hours" as that fact is not supported by the citation to the record.

16. Denied that "this allegation supports the reasonable inference that the court house staff felt they could insult a sitting judge with name calling impunity, which could only come from Judge Mizdol" as it is inappropriate argument and not supported by any citation to the record. Admitted only that Plaintiff testified she heard from someone else that FDM

    Moskal had called her a "diva judge."  The remaining facts are denied as they are not supported by the citations to the record. By way of further response, AJ Mizdol denied hearing courthouse staff call Plaintiff Judge Diva. The deposition testimony was as follows. "Q: Paragraph 22, Judge, says 'In September 2015, Plaintiff learned that courthouse staff were freely calling her Judge Diva and commenting about her fancy clothes and a big ring.' I think I read something in your either interview or the transcript where you acknowledge that you have heard that somebody called her Judge Diva; is that correct?"  An objection was placed followed by the following exchange.  "A: I don't recollect.  Q: You don't remember somebody or you hearing that somebody was calling her Judge Diva? A: No. She might have said it to me, but it was way late on. Q: So you did hear it from somebody? A: Maybe from her [Plaintiff]. **But not from staff, if that's what you're asking, no."** See Def. Ex. R, Mizdol.Tr., at 100:15-101:12 (emphasis added).

17. Denied.  The cited statement of Ms. Little does not state that FDM Moskal said she was working with TCA Simoldoni and Judge Mizdol.  By way of further response, Ms. Little further testified as to why Diana allegedly indicated she wanted to get rid of the judge that "[i]t appeared it was based on whatever happened between the Children in Court team and with Judge Quatrone. That's what she was indicating and maybe a little bit what was going on with Nadya the law clerk." See Def. Exhibit S, Transcript of Formal Hearing, at 243:5-10.

18. Admitted.

19. Admitted. FDM Moskal also testified she did not believe "diva" was used in a derogatory way and meant Plaintiff was seen as a person who "carried herself well, had wonderful clothes, beautiful clothes and jewelry that, you know, was admired." See Pl. Exhibit C at

289:24–290:8, 291:4–7.

20. Denied. The cited testimony supports only that Plaintiff testified that the name of the person who claimed FDM Moskal called Plaintiff a "diva" was Ro Cuccio.

21. Denied. No testimony of Karen Francis is cited. Rather, FDM Moskal testified, "Q: You never called her a bimbo or a diva? A. No." Id. at 297:11–12.

22. Admitted that Plaintiff so testified.

23. Denied. The citation to the record does not support any of the facts contained in this paragraph.

24. Admitted only that Plaintiff testified Judge Mizdol told her she put the judiciary "at risk," made a statement to Plaintiff that "I don't know what kind of pedestal they put you on in Passaic, but I'm going to knock you off," summoned Plaintiff's secretary to ask her about a conversation Plaintiff had with Ms. Mulligan for which the secretary was present, that when Plaintiff's secretary looked at Plaintiff, Judge Mizdol said to her, "Don't you look at her. You look at me." The remaining facts in this paragraph are denied as they are not supported by Plaintiff's citations to the record. By way of further response, see DSMF at ¶¶51–52.

25. Admitted in part that Plaintiff so testified and denied in part. Denied that Plaintiff testified her secretary said she would ask Plaintiff to take the new case, that she was concerned she would be yelled at by Judge Mizdol and accused of refusing a case, that Judge Mizdol said, "You are not on the record!", that Judge Mizdol was "belittling and demeaning Plaintiff" in the presence of her staff, that Judge Mizdol remained in Plaintiff's chambers forty-five minutes alleging Plaintiff had refused to hear a case and would not accept Plaintiffs explanation as to how that was untrue as these facts are not supported by Plaintiff's

citations to the record.

26. Admitted that Plaintiff's notes dated 10/1/15, Pl. Exhibit D, so state, except denied the notes or cited deposition testimony state the errors made it "appear as though Plaintiff was not doing her job" as that assertion is not supported by the citations to the record.

27. Admitted that Plaintiff testified she learned of the "rule" staff could not enter her chambers alone from Ms. Little's statement. The remaining allegations that this further damaged Plaintiff's reputation and caused a more hostile work environment for plaintiff and increased disparaging comments about the Plaintiff are denied as improper argument and unsupported by any citation to the record.

28. Admitted only Plaintiff testified she was told by Laura Simoldoni that Judge Mizdol wanted to see her, that Judge Mizdol had an email she sent to her law clerk and yelled at her "Read this! Read it again," and told her it was actionable. The remaining facts in this paragraph are denied as they are not supported by the citations to the record. See also DSMF ¶¶57–58.

29. Admitted that Plaintiff's notes dated 12/10/15, Pl. Exhibit D, so state, except denied that "Ms. Simoldoni did not state to Plaintiff that the law clerk had alleged that Plaintiff created a hostile working environment" and "failed to mention any concern over the law clerk's start date of August 6, 2015" as these "fact" constitute impermissible argument and are not supported by the citations to the record.

30. Admitted.

31. Admitted that Plaintiff's notes dated 12/14/15, Pl. Exhibit D, so state, except denied that "Plaintiff explained to Judge Mizdol that she had recently confronted the law clerk with a lie the law clerk had told on December 3, 2015, and that being caught lying was probably

the true impetus for the law clerk fabricating allegation of a hostile work environment" as this assertion is not supported by the citation to the record.

32. Admitted only that Plaintiff attended meeting with Judge Mizdol that later included Laura Simoldoni, Diana Moskal, and Judge Peter Melchionne on December 21, 2015. The remaining facts are denied as they are not supported by the citations to the record. By way of further response, see DSMF at ¶¶71–85.

33. Admitted in part and denied in part. Denied that the recorder was not visible as that fact is not supported by the citation to the record. Denied that TCA Simoldoni did not know what the recorder was as that fact is not supported by the citations to the record. Further, FDM Moskal testified she was not sure if Judge Mizdol or TCA Simoldoni said, "What is this?" See Pl. Exhibit B at 270:2-10.

34. Denied. The facts in this paragraph are not supported by any citation to the record and Plaintiff's citation to the Second Amended Complaint is inappropriate. By way of further response, see DSMF at ¶¶86–87.

35. Admitted, except that Plaintiff testified she learned of her transfer "maybe January 3rd or so." See Def. Exhibit A at 257:10.

36. Admitted that Plaintiff so testified.

37. Admitted only that Plaintiff testified that Judge Dennis Carey told him that Judge Mizdol called Judge Floria and said "you're getting a problem child." The remaining facts are denied as they are unsupported by the citations to the record.

38. Denied. Plaintiff's citation to the Second Amended Complaint is inappropriate as it is not a citation to the record. The citation to Plaintiff's deposition testimony only states Plaintiff testified she started to experience nosebleeds in 2015 and that she was spitting up blood

and had migraines.

39. Denied. Plaintiff's citation to the Second Amended Complaint is inappropriate as it is not a citation to the record.

40. Admitted except denied that that ACJC made a finding that the complaint regarding Plaintiff's law clerk's early start date was "without merit." Rather, the ACJC's investigation did not uncover clear and convincing evidence of a violation of the judicial cannons with regard to that complaint. See DSMF at ¶95.

**BROWN & CONNERY, LLP**
Respectfully submitted,

Dated: February 26, 2024        *s/ Kathleen E. Dohn*
Kathleen E. Dohn, Esquire
Kayla L. Louis, Esquire
**BROWN & CONNERY, LLP**
360 Haddon Avenue - P.O. Box 539
Westmont, NJ 08108

7NY2647